IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Patrick Stephen Watson, )
    Plaintiff, )
  )
v. ) 1:09cv731 (AJT/JFA)
  )
K. Brown, et al., )
    Defendants. )

## MEMORANDUM OPINION

Patrick Stephen Watson, a Virginia inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated when defendant K. Brown used excessive force and defendant Sergeant Bhagirath exhibited deliberate indifference to his medical needs. Plaintiff informed the Court that he had been released from custody. Accordingly, plaintiff was directed to submit a new application to proceed in forma pauperis, reflecting his current financial situation. Plaintiff has now complied with those instructions, and has filed a verified application stating that he is not currently incarcerated, is not currently employed, and has no assets. Therefore, plaintiff's request to proceed in forma pauperis will be granted, and the filing fee for this action will be waived.

By Order and Memorandum Opinion dated December 14, 2009, two unnamed defendants were dismissed with prejudice, under 28 U.S.C. § 1915A, for failure to state a claim. On February 9, 2010, remaining defendants K. Brown and Sergeant Bhagirath filed a Motion for Summary Judgment. By Order dated August 23, 2010, defendants were ordered to file a renewed dispositive motion in light of Wilkins v. Gaddy, __ U.S. __, 130 S.Ct. 1175 (2010). Defendants filed a Renewed Motion for Summary Judgment, arguing that Watson's allegations do not rise to the level of a constitutional injury and that defendants are entitled to qualified

1

immunity. Watson was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and has filed a response. For the reasons that follow, defendants' Motion for Summary Judgment will be granted.

## I. Background

At all times relevant to this complaint, plaintiff Watson was a pre-trial detainee who was housed in the medical pod at Hampton Roads Regional Jail (HRRJ) because he was scheduled for surgery for a shoulder injury that he had sustained on December 9, 2007. See Compl. 4, ECF No. 1; Am. Compl. 2, ECF No. 9. On October 8, 2008, defendant Brown—a guard at HRRJ—caused an air-pressurized sliding door to close while Watson was in the doorway, which "caus[ed] injury or re-injured his right shoulder, back, and arm." See Compl. 5, ECF No. 1. The door takes several seconds to both open and close. See Brown Aff. 1, ECF No. 34-1; Ex. B, ECF No. 34-2 (picture of door). Watson told Brown that the door had closed on him. See Mem. 3, ECF No. 39. Watson told Sergeant Bhagirath about his injuries on October 9, 2008, and Bhagirath told Watson that he would be escorted to medical. See Compl. 10-11, ECF No. 1. Bhagirath states that Watson "did not appear to be injured." See Bhagirath Aff. 1, ECF No. 34-3. Watson was escorted to the HRRJ medical clinic on October 14, 2008, where he was seen by Dr. Kolongo.[1] See Mem. 5, ECF No. 39. At that appointment, Watson "informed Dr. that his right shoulder hurt so bad that he could hardly move his right arm, that the slider door had been closed on him over a week ago...[and the doctor] perscribed [sic] new stronger medication...[and] told plaintiff he would send him to Orthopidic [sic] Surgeon." See id.

---

[1] Watson emphasizes that this visit to the HRRJ clinic was in response to a sick call slip he had filed for "rash like symptoms prior to the incident of Oct. 8, 2008." See Mem. 5, ECF No. 1.

2

## II. Standard of Review

In reviewing the Motion for Summary Judgment by defendants, courts must view the facts in the light most favorable to the party opposing the motion. Porter v. U.S. Alumoweld Co., 125 F.3d 243, 245 (4th Cir. 1997). Summary judgment is appropriate where "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A "genuine" issue of material fact is present "if the evidence is such that a reasonable jury could . . . return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "When a motion for summary judgment is made and supported . . . [by affidavits], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Unsubstantiated, conclusory claims without evidentiary support are insufficient to satisfy a non-moving party's burden on summary judgment. Carter v. Ball, 33 F.3d 450, 461-62 (4th Cir. 1994); Goldberg v. B. Green & Co., 836 F.2d 845, 848 (4th Cir. 1988).

## III. Analysis

A. <u>Excessive Force</u>

Excessive force claims of pretrial detainees are governed by the Due Process Clause of the Fourteenth Amendment. See Riley v. Dorton, 115 F.3d 1159, 1166 (4th Cir.1997) (en banc), abrogated on other grounds by Wilkins, 130 S.Ct. at 1178-79. The "core judicial injury" is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992); see also Whitley v. Albers, 475 U.S. 312, 320-21 (1986); McMillian v. Wake County

3

Sheriff's Dep't, No. 10-1576, 2010 WL 4366478, at *3 (4th Cir. Oct. 28, 2010) (discussing excessive force claims of pretrial detainees). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated...whether or not significant injury is evident." Hudson, 503 U.S. at 9. The extent of injury suffered by the inmate is relevant to the inquiry, both because it may suggest whether the use of force could plausibly have been thought necessary in a particular situation, Whitley, 475 U.S. at 321, and because it may provide some indication of the amount of force applied. Wilkins, 130 S.Ct. at 1178 (rejecting the notion that an excessive force claim involving only *de minimis* injury is subject to automatic dismissal). The *de minimis* use of physical force is generally excluded from constitutional recognition, Hudson, 503 U.S. at 9, and an inmate who complains of a "push or shove" that causes no discernable injury "almost certainly" fails to state a valid excessive force claim. Id. (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)). Nonetheless, "[i]njury and force...are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins, 130 S.Ct. at 1178-79.

Watson has failed to allege sufficient facts to support his claim that defendant Brown violated his constitutional rights. While Watson alleges that Brown intentionally closed the door that caused his injuries while he was standing in the doorway, he does not challenge defendants' allegation that the door takes several seconds to both open and close and does not give any reason that he was unable to move from the doorway when the door started to close. See Brown Aff. 1, ECF No. 34-1; Ex. B, ECF No. 34-2 (picture of door). Because Watson has not demonstrated that Brown did anything with the intention of harming him or to prevent Watson

from moving in time to avoid being caught in the door, Watson has not shown that defendant Brown used force and inflicted pain maliciously and sadistically in a way that offends "contemporary standards of decency." Stanley v. Herjirika, 134 F.3d 629, 634 (4th Cir. 1998). Therefore, defendants' Motion for Summary Judgment must be granted on this claim.

B. Deliberate Indifference to Medical Needs

To state a claim of inadequate medical care that rises to the level of a constitutional violation,[2] a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 105 (1976); see also Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). Thus, a plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. Second, he must allege deliberate indifference to that serious medical need. Under this second prong, an assertion of mere negligence or malpractice is not enough to state a constitutional violation; instead, plaintiff must allege and demonstrate "[d]eliberate indifference . . . by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990); see also Estelle, 429 U.S. at 106. In other words, a plaintiff must allege facts demonstrating that defendant's actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier, 896 F.2d at 851 (citations omitted).

---

[2] Watson's claims arise under the Due Process Clause. See Bell v. Wolfish, 441 U.S. 520 (1979) (noting that constitutional claims of pretrial detainees are analyzed under the Due Process Clause rather than the Eighth Amendment); see also Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) ("This standard is the same as that which applies in cases arising under the Eighth Amendment, where prison officials are accused of deliberate indifference to a substantial risk of serious harm to prison inmates.") (internal quotations omitted).

Here, assuming without deciding that Watson's injuries constituted a serious medical need,[3] his claim against defendant Bhagirath fails under the deliberate indifference prong because it is clear that Bhagirath addressed Watson's injuries in a manner that was not "grossly incompetent, inadequate, or excessive as to shock the conscience." Id. Bhagirath's statement that Watson would be escorted to medical does not exhibit "actual intent or reckless disregard" given that Watson was seen by a doctor on October 14, and there is no allegation that Bhagirath had reason to believe the care that Watson received was inadequate. See Compl. 10-11, ECF No. 1. In fact, the evidence shows that Dr. Kolongo prescribed pain medication for Watson and also referred Watson to an outside orthopedist. See Mem. 5, ECF No. 39. Therefore, Watson's allegations reflect, at most, negligence; they clearly do not suffice to establish deliberate indifference by defendant Bhagirath.

Accordingly, defendants' Renewed Motion for Summary Judgment will be granted.[4] An appropriate Order and judgment shall issue.

Entered this 14th day of March 2011.

Anthony J. Trenga
United States District Judge

Alexandria, Virginia

---

[3] Notably, "a 'serious ... medical need' is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" See Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (citations omitted). Here, Bhagirath states that Watson "did not appear to be injured." See Bhagirath Aff. 1, ECF No. 34-3.

[4] Because defendants prevail on the merits, the Court declines to address any issues of qualified immunity. See Wilson v. Layne, 526 U.S. 603, 609 (1999) (establishing two-prong qualified immunity test, where courts must first determine whether the plaintiff alleged an actual constitutional deprivation).