IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Patrick Stephen Watson, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:09cv731 (AJT/JFA) |
| | ) | |
| K. Brown, | ) | |
| Defendant. | ) | |

FILED APR - 5 2012

## MEMORANDUM OPINION

This matter is currently before the Court on defendant K. Brown's renewed Motion for Summary Judgment. Plaintiff, Patrick Stephen Watson, a Virginia inmate proceeding pro se, initiated this case when he filed a civil rights action pursuant to 42 U.S.C. § 1983. In the initial complaint, plaintiff alleged two constitutional violations. First, plaintiff argued that defendant Sergeant Bhagirath exhibited deliberate indifference to his serious medical needs. Second, plaintiff asserted that defendant K. Brown used excessive force when she allegedly pinned him against a steel jail doorway by closing a heavy air-pressurized sliding door on him. In a Memorandum Opinion and Order dated March 14, 2011, the Court granted summary judgment in favor of both defendants. The Court found that Sergeant Bhagirath was not deliberately indifferent to plaintiff's serious medical needs because he appropriately addressed plaintiff's injuries. Furthermore, the Court found that K. Brown did not use excessive force because plaintiff failed to establish Brown "did anything with the intention of harming [plaintiff] or to prevent [plaintiff] from moving in time to avoid being caught in the door. . . ." See Mem. Op. at 4-5, Mar. 14, 2011, ECF No. 43.

On appeal, the Fourth Circuit affirmed the grant of summary judgment in favor of Sergeant Bhagirath, but vacated the judgment in favor of K. Brown. The Fourth Circuit explained:

> Brown's and Watson's factual assertions effectively boiled down to a swearing contest backed chiefly by the parties' own affidavits. Crediting Watson's versions of events as we must on summary judgment review, Brown deliberately shut the door on him and told him as much. Watson did not perceive the door was closing until he was pinned against the doorway. The district court therefore erred when it made a dispositive credibility determination on the basis of competing affidavits.

Watson v. Brown, 446 Fed. Appx. 643, 645 (4th Cir. 2011) (per curiam), ECF No. 50. The Fourth Circuit remanded the case to this Court for consideration of K. Brown's alternative grounds for summary judgment. Id.

On October 15, 2011, defendant filed a renewed Motion for Summary Judgment Following Remand. Plaintiff was given the opportunity to file responsive materials pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Civil Rule 7(K) and has filed a Response. For the reasons that follow defendant's Motion for Summary Judgment must be denied.

## I. Background

At all times relevant to this action, plaintiff Watson was a pre-trial detainee who was housed in the medical pod at Hampton Roads Regional Jail (HRRJ) while awaiting surgery for a prior shoulder injury he had sustained on December 9, 2007. See Compl. 4, ECF No. 1; Am. Compl. 2, ECF No. 9. On October 8, 2008, defendant Brown—a guard at HRRJ—caused an air-pressurized sliding door to close while Watson was in the doorway, which "caus[ed] injury or

re-injured [plaintiff's] right shoulder, back, and arm." See Compl. 5, ECF No. 1. Although the door takes several seconds to both open and close, see Brown Aff. ¶ 3, ECF No. 60-1; Ex. B, ECF No. 60-2 (picture of door), plaintiff did not perceive the door was closing until his "upper body, back right shoulder, and arm" became pinned against the steel doorframe. Compl. at 5. Plaintiff eventually freed himself from the doorframe "despite his already broken right shoulder." Id.

After the incident, Brown told plaintiff that she closed the door on him. See Watson Decl. at 2, ECF No. 63-7. When plaintiff asked her why she did so without warning him, she replied "I don't have to warn you, you were over the red line in my door." Mem. 3; ECF No. 39; Watson Decl. at 2, ECF No. 63-7. Plaintiff attests that as a result of being pinned against the doorframe he suffered severe pain and could barely move his right arm. Watson Decl. at 1, ECF 63-9.

## II. Standard of Review

In reviewing a motion for summary judgment, courts must view the facts in the light most favorable to the party opposing the motion. Porter v. U.S. Alumoweld Co., 125 F.3d 243, 245 (4th Cir. 1997). Summary judgment is appropriate where "there is no genuine dispute as to any material fact the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A "genuine" dispute as to a material fact is present "if the evidence is such that a reasonable jury could . . . return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When a motion for summary judgment is made and supported by affidavits, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's

response must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). Unsubstantiated, conclusory claims without evidentiary support are insufficient to satisfy a non-moving party's burden on summary judgment. Carter v. Ball, 33 F.3d 450, 461-62 (4th Cir. 1994); Goldberg v. B. Green & Co., 836 F.2d 845, 848 (4th Cir. 1988).

### III. Analysis

Defendant argues that she is entitled to summary judgment because "nothing in the record suggests that plaintiff suffered more than a de minimus injury." Mem. in Supp. Summ. J. at 5, ECF No. 58. The Supreme Court has "rejected the notion that 'significant injury' is a threshold requirement for stating an excessive force claim." Wilkins v. Gaddy, 130 S.Ct. 1175, 1178 (2010). Instead, the "core judicial inquiry" is not "whether a certain quantum of injury was sustained, but rather 'whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Id. (citing Hudson v. McMillian, 503 U.S. 1, 7 (1992)). When force is applied maliciously and sadistically to cause harm "contemporary standards of decency always are violated . . . whether or not significant injury is evident." Id. (emphasis added). Without such a rule, the Eighth Amendment would permit "any physical punishment, no matter how diabolic or inhumane" so long as it did not inflict a serious injury. Id.

The absence of a serious injury is not wholly irrelevant to the excessive force inquiry, however. For example, the extent of injury suffered by an inmate may suggest "whether the use of force could plausibly have been thought necessary in a particular situation." Id. (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)). Additionally, the seriousness of the injury is relevant to determining the amount of force applied. This inquiry is critical, because the use of

de minimus force, such as a push or a shove the results in no discernible injury, "almost certainly fails to state a valid excessive force claim." Id.

Here, defendant's argument that she is entitled to summary judgment because "plaintiff cannot establish the requisite injury" must fail. See Mem. in Supp. Summ. J. 5, ECF No. 58. Construing the facts in a light most favorable to the plaintiff, as is required when adjudicating a defendant's motion for summary judgment, the plaintiff did in fact suffer a serious injury. Plaintiff attests that immediately after the incident he suffered an "agonizing burning constant pain" between his shoulder blades, and his "shoulder throbbed constantly and hurt severely." Watson Decl. at 1, ECF No. 63-9. Currently, plaintiff states that he continues to suffer back and neck pain that he "believe[s] is a direct result of defendant K. Brown deliberately closing the heavy steel door on [him]." Id. at 1-2. Taking these allegations as true, the Court cannot conclude that plaintiff did not suffer a serious and significant injury.

Even if the Court were to assume that plaintiff's injuries were not significantly severe, such a finding alone would not be sufficient to grant summary judgment. Absence of a significant injury is only relevant to the excessive force analysis if it demonstrates that the use of force was justified under the circumstances or was de minimus in nature. See Wilkins, 130 S.Ct. at 1178. In this case, however, the defendant fails to offer any evidence establishing that closing the pressurized door on plaintiff was either necessary under the circumstances or merely a de minimus application of force. See id. Plaintiff, on the other hand, states that he was not acting in a "violent, obstructive, or threatening" manner when the defendant closed the cell door on him. See Mem. in Opp. to Summ. J. at 9, ECF No. 63. Instead, plaintiff submits that he was unaware that he was not permitted to cross the red line, and his doing so was an "inadvertent,

5

unknowing, or unintended violation on his part." Id. Additionally, it would appear that closing a heavy pressurized door on an individual is certainly more than a de minimus push or shove that results in no discernible injury. See Wilkins, 130 S.Ct. at 1178.

Additionally, and most important, it must be taken as true at this juncture that the defendant deliberately shut the door on plaintiff. See Watson v. Brown, 446 Fed. App'x 643, 645 (4th Cir. 2011) (per curiam). The defendant offers no evidence to rebut plaintiff's allegation that defendant acted "maliciously and sadistically." See Compl. at 3, ECF No. 1. Thus, in light of these allegations, it is irrelevant whether or not the plaintiff suffered a serious injury because when force is applied maliciously and sadistically to cause harm "contemporary standards of decency always are violated . . . whether or not significant injury is evident." See Wilkins, 130 S.Ct. at 1178 (emphasis added). Accordingly, because the record establishes that the defendant deliberately closed the pressurized door on plaintiff and defendant fails to offer any justification for doing so, summary judgment in favor of the defendant must be denied.

## IV. Conclusion

For the foregoing reasons, defendant's Motion for Summary Judgment must be denied. An appropriate Order shall issue.

Entered this 5th day of April 2012.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia